**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF MINNESOTA FOURTH DIVISION (ST. PAUL)**

| | |
|---|---|
| In Re:<br>CHERYL RENAE THUNBERG,<br>　　　　Debtor. | In Proceedings Under Chapter 7<br><br>Bankruptcy Case No.: 24-41677 |
| CHERYL RENAE THUNBERG,<br>　　　　Plaintiff,<br>vs.<br>ZUNTAFI CORP,<br>　　　　Defendants. | Adversary Case No.: 25-04072<br><br>**MOTION FOR DEFAULT JUDGMENT**<br>**(Declaratory Relief)** |

　　　　Plaintiff, Cheryl Renae Thunberg, by and through her attorney of record, moves this Court to enter judgment against Defendant, ZuntaFi Corp ("ZuntaFi") pursuant to Federal Rule of Civil Procedure 55(b)(2) and Fed. R. Bankr. P. 7055. The complaint in this matter seeks a declaration that the loans held by Defendant were not excepted from discharge pursuant to 11 U.S.C. § 523(a)(8), and that they were, in fact, discharged pursuant to 11 U.S.C. § 727. By failing to answer the complaint, Defendant has admitted that their claims are dischargeable. This motion is supported by the following memorandum of points and authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

　　　　Plaintiff filed the Complaint in this adversary proceeding on May 27, 2025 (Docket No. 1). Plaintiff served the Complaint on May 29, 2025 (Docket No. 5). On July XX, 2025 Plaintiff applied for entry of default against Defendant, because Defendant failed to answer the complaint or otherwise appear. Plaintiff anticipates that the clerk will enter default. By its default, Defendant will have admitted the well-pleaded averments of the complaint. Fed. R. Civ. P. 8(b)(6); Fed. R. Bankr. P. 7008. The Plaintiff therefore seeks judgment from this court.

　　　　The Plaintiff's daughter, Lashiya Stewart, attended Institute of Production and Recording ("IPR"), a trade school in Minnesota from 2003-2005.  Debtor applied for and received loans (the "Loans") from Academic Funding Group ("AFG") to fund her daughter's schooling at IPR during each of the years she attended school there. Defendant, ZuntaFi, is

successor in interest to AFG as the holder of the promissory notes giving rise to the claim for which Plaintiff seeks a determination.

## NON-QUALIFIED EDUCATIONAL LOAN

The Loans, as originally made by AFG, were not made, insured, or guaranteed by a governmental unit. The Loans, as originally made by AFG, were not made under any program partially or fully funded by a governmental unit or nonprofit institution. At the time Debtor's daughter attended IPR, the school was not a "Title IV" eligible school. IPR was later closed in 2023.

11 U.S.C. § 523(a)(8) provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt –
>
> (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for—
>
> (A)
>
>> (i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
>>
>> (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
>
> (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual;

Because the Loans were not "made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution"; did not constitute "an obligation to repay funds received as an educational benefit, scholarship, or stipend"; and the Loans did not constitute "qualified education

loan[s]" due to IPR's lack of "Title IV" eligibility status at the time Ms. Stewart attended IPR, none of the exceptions to discharge contained in 11 U.S.C. § 523(a)(8) apply to the Loans.

## UNDUE HARDSHIP

Plaintiff is also entitled to discharge due to "undue hardship" provision in 11 U.S.C. § 523(a)(8). The Eighth Circuit adopted the TOC test in *Long v. Educ. Credit Mgmt. Corp.* to define "undue hardship" when discharging student loan debt.[1]

A. **Assessment of Present Circumstances**

Plaintiff is unable to presently maintain a "a minimal standard of living" while making student loan payments. Below is a summary:

1. Plaintiff filed for bankruptcy in the court on June 27, 2024.
2. Plaintiff confirms that the student loan information included is correct and complete.
3. The outstanding balance of the student loan(s) Plaintiff is seeking to discharge in this adversary proceeding is approximately $36,989 plus interest and fees.
4. The current monthly payment on such loan(s) is $150.00.
5. Plaintiff incurred the student loans that she seeks to discharge while her daughter was attending Institute of Production and Recording.
6. In May 2005, Plaintiff's daughter received a Certificate in Audio Engineering.
7. Plaintiff does not have the ability to make the payments on her student loans while maintaining a minimal standard of living for herself and her dependents.
8. Plaintiff is currently employed as an Assembler at Wair Valves, LLC.
9. Plaintiff's current monthly household gross income from all sources is approximately $4,000.
10. The current monthly household gross income stated above represents an average amount calculated from the most recent two months of gross income stated on consecutive paystubs from her current employment.

---

[1] 322 F.3d 549 (8th Cir. 2003).

    11. Despite Plaintiff's modest and necessary living expenses coming in below IRS national and local standards, she is unable to maintain a minimal standard of living.

B. **Assessment of Future Circumstances**

1. Plaintiff's reasonable future financial resources will not sufficiently cover payment of her student loan debt and her inability to pay is likely to persist in the future.
2. Plaintiff's daughter has been attempting to pay down the student loans for 14 years, having made at least 120 payments, and has been unable to make significant headway in reducing the amount of debt, rather the debt has continued to grow. These circumstances are unlikely to improve in the near future as she is unable to increase her current income given that she has applied for disability benefits.
3. Plaintiff's daughter incurred a portion of her student loan debt at a non QEL school, Minnesota School of Business.
4. Plaintiff's modest and reasonable expenses do not account for uninsured medical expenses. It is reasonable to expect that Plaintiff's uninsured medical expenses will increase as she ages.
5. Plaintiff will not be able to increase her income to a level she could pay her loans and maintain a minimal standard of living for the foreseeable future.

C. **Assessment of Good Faith**

1. Plaintiff has evidenced good faith in attempting to make payments on the student loans.
2. Plaintiff has communicated with the servicer in attempts to lower payments and receive deferments or forbearances in order to manage the loans. These efforts were fruitless though as the interest merely compounded and increased the overall student loan debt.
3. Plaintiff has sought assistance from a third party regarding the management of her student loan debts.

**WHEREFORE** the Plaintiff is entitled to a judgment as follows:

    1. Finding that the Loans were not excepted from discharge pursuant to 11 U.S.C. § 523(a)(8) since they were not qualified student loans;

    2. Finding that the Plaintiff meets the undue hardship standard; and

3. Holding that the Loan is therefore discharged pursuant to 11 U.S.C. § 727.

DATED: August 5, 2025                                             **NEELEY LAW FIRM, PLC**

*s/ Jeffrey Bursell*
Jeffrey Bursell
Solvent Law PLLC
P.O. Box 10860
St. Paul, MN 55110
Tel: 651.371.4026
jeff@solventlaw.com
Attorney Reg: MN 0293362
*Co-counsel for Plaintiff*

*/s/ Kenneth L. Neeley*
NEELEY LAW FIRM PLC
1120 S. Dobson Rd. 230
Chandler, AZ 85286
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify and attest that I served ZuntaFi Corp with this Motion for Default Judgment at:

ZuntaFi Corp
c/o CEO Dawn Imrie
105 First Ave SW
Aberdeen, SD 57401

ZuntaFi Corp
c/o Rollyn H. Samp
PO Box 495
Sioux Falls, SD 57101

Neeley Law Firm, PLC

*/s/ Kenneth L. Neeley*
Kenneth L. Neeley
1120 S. Dobson Rd. 230
Chandler, AZ 85286